UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JAMIE H. LINDSEY | CIVIL ACTION NO. 20-1485-P |
| VERSUS | JUDGE FOOTE |
| JAMES E. STEWART, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jamie H. Lindsey ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 18, 2020. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana. He names James E. Stewart, Sgt. Hornsby, Cpl. Belle, Officer Gardner, and Officer Davenport as defendants.

Plaintiff was arrested on January 7, 2020. He claims he was arrested based on insufficient evidence and errors. On January 7, 2020, Sgt. Hornsby and Cpl. Belle signed an arrest report stating that the offense occurred January 1, 2019 through December 30, 2019. The arrestee supplemental report signed by Officer Davenport and Officer Gardner on December 7, 2019 names James Lindsay, date of birth January 15, 1979, as the arrested suspect. He argues that his last name is Lindsey and his date of birth is January 9, 1980. He claims James is his twin brother.

Plaintiff claims the narrative supplement report signed by Officer Davenport and Officer Gardner on December 7, 2019 states that Jordan Hughes with Child and Family Services was present with Officer Davenport during an interview with Josephine Spearman, the mother of the alleged victim. In a narrative supplement signed and dated on January 21, 2020 by Cpl. Belle and Sgt. Hornsby, Ms. Holden states that she was issued this case on December 20, 2019 after the interview had taken place. Plaintiff claims that during the interview, Josephine Spearman stated that her daughter had made an earlier allegation of abuse. He claims the prior case was closed because the case worker caught her in a lie. He further claims the report refers to James Lindsey, not Jamie Lindsey. He claims none of the witnesses interviewed between December 2019 and January 2020 state a date that the alleged incident occurred. He claims the only date listed was November 30, 2019 in the report headers from Officers with the Shreveport Police Department.

Plaintiff claims District Attorney James E. Stewart charged him with molestation of a juvenile. He claims none of the witnesses interviewed provided a date or location of the alleged incident. He claims information provided to his motion for discovery listed James Lindsey as being mentioned in the witness statements and an arrest report.

Plaintiff pleaded guilty on February 15, 2022 to molestation of a juvenile and was sentenced to 5 years imprisonment at hard labor.

Accordingly, Plaintiff seeks the charge against him dismissed, his immediate release from jail, and his arrest record expunged.

## LAW AND ANALYSIS

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants. Plaintiff is seeking injunctive and declaratory relief for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. That Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights compaint seeking declaratory and injunctive relief for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge